# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA ex rel.
JEFFREY S. HAWK individually,

Plaintiffs,

v.

CWD HOLDINGS, L.L.C., ADVANCE
STORES COMPANY, INC., and OZARK
AUTOMOTIVE DISTRIBUTORS, INC.,

Defendants.

**FILED UNDER SEAL
PURSUANT TO
31 U.S.C. §3730(b)(2)**

**DO NOT PLACE IN PRESS BOX
DO NOT ENTER ON PACER**

Civil Action No.  17-cv-12225
Honorable  Judge Bernard A. Friedman

## COMPLAINT FOR VIOLATION OF FALSE CLAIMS ACT
### (31 U.S.C. §§3729 *et seq.*)

## TRIAL BY JURY REQUESTED

Pursuant to 31 U.S.C. §3730(b)(1), Relator Jeffrey S. Hawk, for himself and on behalf of

the United States of America, by his attorneys Haron Law Group, PLC, bring this civil action

under the federal False Claims Act, 31 U.S.C. §§3729 *et seq.*

## INTRODUCTION

Defendants in this case are CWD Holdings, L.L.C., a company based in California and

incorporated in Delaware that does business as Centric Parts (hereinafter "Centric Parts"),

Advance Stores Company, Inc., a Virginia-based company that is a subsidiary of Advance Auto

Parts, Inc. (hereinafter "Advance Stores"), and Ozark Automotive Distributors, Inc., a Missouri-

based company that is a subsidiary of O'Reilly Automotive, Inc. (hereinafter "Ozark").

Centric Parts, according to its website www.centricparts.com, is North America's leading seller of aftermarket brake and chassis components for passenger vehicles, medium duty trucks, fleet vehicles, high performance vehicles and race cars. Advance Stores is a major retailer of automotive parts and maintenance items for domestic and imported cars and light trucks. Ozark is a major supplier of replacement parts, accessories, and supplies for automobiles, light to heavy-duty trucks, off-road equipment, and marine and agricultural equipment.

Defendants knowingly and systematically violated United States International Trade Commission guidelines as presented in the Harmonized Tariff Schedule of the United States (HTSUS).

Defendants engaged in these violations so as avoid paying appropriate tariffs on imported brake parts. Specifically, Defendants: (1) imported mounted aftermarket disk brake pad sets from foreign manufacturers, which mandates imposition of a 2.5% tariff according to HTSUS Classification 8708.30.5040; (2) incorrectly classified the mounted disk brake pad sets as tariff-free unmounted brake pads under HTSUS classification 6813.81.0050; and (3) deprived the Government of the 2.5% tariff that it was due according to U.S. International Trade Commission guidelines. Centric Parts denied the government of upwards of $1,250,000 per year for a six to ten year period.  Ozark and Advance Stores denied the government of substantial amounts of money; the exact amounts will be determined during discovery. All of Defendants' actions were taken in knowing violation of U.S. International Trade Commission billing guidelines.

Relator, Jeffrey Hawk, is the Controller at Qualis Automotive, LLC, which is a subsidiary company of Defendant Centric Parts. Relator possesses full responsibility for Qualis Automotive, LLC's financial transactions.

**JURISDICTION AND VENUE**

2

1.      This action arises under 31 U.S.C. § 3729 *et seq.*, also known as the federal False Claims Act (the "FCA") and the common law to recover treble damages and civil penalties on behalf of the United States of America arising out of Defendants' violations of the Act.

2.      Under § 3732 of the FCA, this Court has jurisdiction over actions brought under the FCA.  Furthermore, jurisdiction over this action is conferred on this Court by 28 U.S.C. § 1331 because this civil action arises under the laws of the United States.

3.      This Court has supplemental jurisdiction over all other claims set forth in this Complaint because these claims are so related to the claims arising under the FCA that they form part of the same case or controversy.  28 U.S.C. § 1367.

4.      Venue is proper in this district pursuant to § 3732(a) of the FCA, which provides that "any action under § 3730 may be brought in any judicial district in which the Defendant or, in the case of multiple Defendants, any one Defendant can be found, resides, transacts business, or in which any act proscribed by § 3729 occurred."  At all times material hereto, Defendants regularly conducted business within the State of Michigan, and maintained permanent employees and offices in the State of Michigan, within this judicial district. Additionally, venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) - (2).

## FILING UNDER SEAL

5.      Under the FCA, this Complaint is to be filed *in camera* and remain under seal for a period of at least sixty (60) days and shall not be served on Defendants until the Court so orders. The United States Government may elect to intervene and proceed with the action within sixty (60) days after the Government receives the Complaint.

6.      As required by both False Claims Acts, Relator has served a copy of the Complaint and a written disclosure of substantially all material evidence and information in their possession

to the United States Attorney General and the United States Attorneys' Office for the Eastern District of Michigan.

7.     Relators is the original source of the information conveyed herein, and served the United States Attorney's Office for the Eastern District of Michigan with a Notice Letter on or about June 8, 2017.

### PARTIES

8.     Relator Jeffrey S. Hawk is a resident of the State of Michigan and current Controller at Qualis Automotive, LLC, which is a subsidiary company of Centric Parts. Relator possesses full responsibility for Qualis Automotive, LLC's financial transactions.   Relator has been controller at Qualis Automotive, LLC from December 2013 to present.

9.     CWD Holdings, L.L.C. was incorporated in Delaware on March 18, 2008 and operates out of California at 14528 Bonelli Street, City of Industry, CA 91746. CWD Holdings, L.L.C. maintains additional operating facilities in southern California, Kentucky, and Michigan.

10.     CWD Holdings, L.L.C. distributes auto parts and sells brake components, clutch systems, and chassis parts.

11.     CWD Holdings, L.L.C., through its subsidiary company, Centric Parts, operates one office in Southeast Michigan at 29380 John R Road, Madison Heights, MI 48071.

12.     Centric Parts, according to its website, is North America's leading manufacturer and supplier of aftermarket brake and chassis components for passenger vehicles, medium duty trucks, fleet vehicles, high performance vehicles and race cars.

13.     Centric Parts distributes its products under the labels Centric®, C-Tek®, PosiQuiet® and StopTech®, among others.

14.　　Centric Parts has acquired multiple patents and industry honors since it was founded in 2000.

15.　　Centric Parts sells over 145,000 different types of brake and chassis parts.

16.　　Centric Parts employed 831 employees in 2016.

17.　　Centric Parts' total sales in 2016 reached approximately $457,000,000.

18.　　Centric Parts has been consistently growing since it was founded in 2000.

19.　　Centric Parts owns two subsidiary companies:  StopTech and Qualis Automotive.

20.　　StopTech is Centric Parts' high performance vehicle and racing brand.

21.　　Qualis Automotive is a supplier of brake, hydraulic, clutch, and chassis components for imported and domestic vehicles to the independent aftermarket, chain installer, and retail channels.

22.　　Advance Stores is based at 5673 Airport Road, Roanoke, Virginia 24012.

23.　　Advance Stores employs approximately 20,329 employees nationwide.

24.　　Advance Stores' parent company, Advance Auto Parts, employs approximately 74,000 employees nationwide.

25.　　Advance Stores, as of June 2017, is one of the top five importers in the United States for aftermarket brake pads classified as HTSUS 6813.

26.　　Additional information for Defendant Advance Stores Company Inc. will be determined during discovery.

27.　　Ozark is based at 233 South Patterson Avenue, Springfield, Missouri 65802.

28.　　Ozark generates about $246,300,000 in annual revenues.

29.　　Ozark is a top importer in the United States for aftermarket brake pads classified as HTSUS 6813.

30.     O'Reilly Automotive Inc., Ozark's parent company, employs over 74,000 employees nationwide.

31.     O'Reilly Automotive Inc. operates 4,829 store locations nationwide.

32.     Additional information for Defendant Ozark Automotive Distributors, Inc. will be determined during discovery.

## FALSE CLAIMS ACT

33.     The False Claims Act, 31 U.S.C. § 3729, is a federal statute that grants a private individual who possesses knowledge of past or present fraud committed against the U.S. government the authority to act as a whistleblower and sue in federal court on behalf of the government..

34.     The False Claims Act imposes civil penalties and treble damages on any person or entity who submits a false or fraudulent claim for payment to the United States Government.

35.     A False Claims Act civil action may be brought by either a private individual acting in the name of the government, known as a "qui tam relator," or the U.S. Attorney General. Qui tam provisions of the False Claims Act seek to encourage whistleblowers to act as private attorney-generals in promoting the common good.

36.     A person or entity found guilty of violating the False Claims Act will be liable to the federal government for a civil penalty of three times the damage that the government sustains.

## HARMONIZED TARIFF SCHEDULE OF THE UNITED STATES (HTSUS)

37.     The Harmonized Tariff Schedule of the United States (HTSUS) became effective in January 1989. HTSUS classifies all articles imported into the United States and subjects each article to a duty of some sort.

38.     The particular tariff classification of merchandise within the HTSUS determines the duty amount that importing entities must pay to the government.

39.     The 2017 Harmonized Tariff Schedule Basic Edition categorizes brake pads and linings that are mounted prior to importation into the United States and used for non-agricultural purposes ("mounted brake pads") as 8706.30.5040 within Section XVII: Vehicles, Aircraft, Vessels and Associated Transport Equipment, and Chapter 87: Vehicles other than railway or tramway rolling stock, and parts and accessories thereof.

40.     HTSUS subjects items classified as 8706.30.5040 to a 2.5% tariff (see Exhibit B).

41.     The 2017 Harmonized Tariff Schedule Basic Edition categorizes brake pads and linings that are not mounted prior to importation into the United States ("unmounted brake pads") as 6813.81.0050 within Section XIII: Articles of Stone, Plaster, Cement, Asbestos, Mica or Similar Materials, Ceramic Products, Glass and Glassware and Chapter 68: Articles of stone, plaster, cement, asbestos, mica or similar materials.

42.     HTSUS subjects items classified as 6813.81.0050 to a 0.0% tariff (see Exhibit B).

**OVERVIEW OF FRAUDULENT CONDUCT AND ACTIVITIES**

43.     Centric Parts has been importing mounted aftermarket Disk Brake Pad Sets from manufacturers located in China, Indonesia, Japan, and Thailand for the past six to ten years (see Exhibit A).

44.     Defendants Advance Stores and Ozark have been importing aftermarket Disk Brake Pad Sets from Asia-based manufacturers. The extent of fraudulent conduct committed by Defendants Advance Stores and Ozark will be determined during discovery.

45.     Pursuant to Customs Ruling No. 023215, issued February 14, 2008 under the provisions of part 177 of the Customs Regulation (19 C.F.R. 177) (see Exhibit C), the Disk Brake

7

Pad set, Model 24 JM NO, that Defendants have been importing falls under 8708.30.5040 HTSUS classification. Accordingly, the Disk Brake Pad Set that Defendants have been importing is subject to a 2.5% duty.

46.     Defendants have been knowingly and falsely classifying the Disk Brake Pads Sets referenced in paragraphs 43 through 45 under the HTSUS 6813.81.0050 classification. Accordingly, Defendants have been falsely paying the government the 0.0% duty associated with the inaccurate 6812.80.0050 classification rather than the 2.5% duty associated with the accurate 8708.30.5040 classification for the Disk Brake Pad sets.

47.     In early 2017, Relator became concerned that Centric Parts was using the incorrect HTSUS code for mounted Disk Brake Pad sets 105.08690, that Centric Parts was importing from China (see Exhibit A).

48.     Relator asked Qualis Vice President of Logistics, Don Bales, to determine the correct the HTSUS code for mounted Disk Brake Pad sets because of the Relator's concerns described in paragraph 47 above.

49.     Don Bales confirmed Relator's suspicion that Centric Parts had been using the incorrect HTSUS classification and, therefore, violating the False Claims Act.

50.     Relator sent Centric Parts a letter dated May 6, 2017 notifying Centric Parts of its engagement in fraud that amounted to a violation of the False Claims Act.

51.     Don Bales told Relator that he also sent Centric Parts a letter around this time addressing the fraud that amounted to a violation of the False Claims Act.

52.     In May, 2017, Qualis Transportation Manager informed Relator that Centric Parts would be using the correct HTSUS classification, 8708.30.5040, post-May 2017. Qualis Transportation Manager, however, told Relator that Centric Parts did not plan to disclose to the

government Centric Parts' six to ten years of False Claims Act violations that had occurred prior to May 2017, described in paragraphs 43 through 46 above.

53.     Centric Parts' False Claims Act violations explained in paragraphs 43 through 49 above have amounted to upwards of $1,250,000 per year in losses to the government over six to ten years.

54.     The information for Defendant Ozark will be determined during discovery.

55.     The information for Defendant Advance Stores will be determined during discovery.

## COUNT I

## Violation of 31 U.S.C. §3729(a)(1)(A)

56.     Relator realleges and incorporate paragraphs 1-55 of this Complaint as if fully set forth herein.

57.     In performing the acts described above, Defendants, through their own acts or through the acts of their officers, knowingly and/or recklessly presented, or caused to be presented, false or fraudulent claims for payment or approval in violation of 31 U.S.C. §3729(a)(1)(A).

58.     Specifically, Defendants have been knowingly and falsely importing mounted aftermarket Disk Brake Pad Sets from Chinese, Japanese, Indonesian, and Thai manufacturers under HTSUS classification 6813.81.0050 and paying a 0.0% tariff rather than under the correct 8708.30.5040 classification, which imposes a 2.5% tariff.

59.     The United States, unaware of the foregoing circumstances and conduct of the Defendants, made full payments, which resulted in it being damaged, with exact damage amount to be determined.

## COUNT II

### Violation of 31 U.S.C. §3729(a)(1)(B)

60.     Relator realleges and incorporate paragraphs 1-59 of this Complaint as if fully set forth herein.

61.     In performing the acts described above, Defendants, through their own acts or through the acts of their officers, knowingly made, used or caused to be made or used, a false record or statement material to a false or fraudulent claim in violation of 31 U.S.C. §3729(a)(1)(B).

62.     Specifically, in knowingly and falsely importing mounted aftermarket Disk Brake Pad Sets from Chinese, Japanese, Indonesian, and Thai manufacturers under HTSUS classification 6813.81.0050 and paying a 0.0% tariff rather than paying the 2.5% tariff associated with the correct 8708.30.5040 classification, Defendants used false records and statements to indicate that they were compliant with HTSUS guidelines and Customs Ruling No. 023215, when they were not.

63.     The United States, unaware of the foregoing circumstances and conduct of the Defendants, made full payments which resulted in it being damaged, with the exact damage amount to be determined.

## COUNT III

### Violation of 31 U.S.C. §3720(a)(1)(G)

64.     Relator realleges and incorporate paragraphs 1-63 of this Complaint as if fully set forth herein.

65.     In performing the acts above, Defendants knowingly and improperly avoided their obligations to pay or transmit money to the United States Government.

66.     Specifically, Defendants used the incorrect HTSUS classification for Disk Brake Pad Sets imported from China, Japan, Indonesia and Thailand, and paid the government 0.0% tariff rather than the 2.5% tariff assigned to the correct HTSUS classification. Accordingly, Defendants avoided their obligations to the pay the government the 2.5% tariff.

67.     Centric Parts' violation amounted to depriving the government of up to $1,250,000 per year for six to ten years.

68.     The extent to which Defendant Advance Stores' fraudulent conduct damages the government will be determined during discovery.

69.     The extent to which Defendant Ozark's fraudulent conduct damages the government will be determined during discovery.

70.     Accordingly, the United States has been deprived of the use of such monies and has been damaged in an amount to be determined.

## COUNT IV

### Unjust Enrichment

71.     Relator realleges and incorporate paragraphs 1-70 of this Complaint as if fully set forth herein.

72.     As a result of the foregoing, Defendants received, directly or indirectly, federal funds to which they were not entitled, in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Relators respectfully request that this Court enter judgment against Defendants as follows:

a.     That the United States be awarded damages in the amount of three times the damages sustained by the United States because of the false claims and fraud

alleged in this Complaint, as the Civil False Claims Act, 31 U.S.C. §3729 *et seq*. provides;

b.     That civil penalties of $10,957 to $21,916 be imposed for each and every false claim that the Defendants caused to be presented to the United States;

c.     That pre- and post-judgment interest be awarded, along with reasonable attorneys' fees, costs, and expenses which Relator necessarily incurred in bringing this case;

d.     That Relator be awarded the maximum amount allowed pursuant to the False Claims Act;

e.     That this Court award such other and further relief as it deems proper.

## <u>DEMAND FOR A JURY TRIAL</u>

Relator demand a jury trial on all claims alleged herein.

July 7, 2017                           Respectfully submitted,


                                      /s/ David L. Haron
                                      David L. Haron (P14655)
                                      Maro E. Bush (P71930)
                                      Haron Law Group, PLC
                                      30300 Northwestern Highway
                                      Suite 115
                                      Farmington Hills, MI  48334
                                      (248) 539-7420

                                      dharon@haronlawgroup.com
                                      mbush@haronlawgroup.com


                                      Co-Counsel for Relator



                                         /s/ James T. Weiner

                                      James T. Weiner (P45455)
                                      30600 Telegraph Rd.
                                      Suite 3350
                                      Bingham Farms, MI 48025
                                      (248)-901-0750

                                      Weiner.esq@gmail.com

                                      Co-Counsel for Relator

13